Jarrad C. Miller, Esq. (NV Bar No. 7093)
Jonathan J. Tew, Esq. (NV Bar No. 11874)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
jarrad@nvlawyers.com
jon@nvlawyers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DISCOVER GROWTH FUND, LLC, a U.S. Virgin Islands limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BEYOND COMMERCE, INC., a Nevada corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT – DEMAND FOR JURY** |

Plaintiff DISCOVER GROWTH FUND, LLC ("Plaintiff" or "Discover Growth") files this Complaint against BEYOND COMMERCE, INC. ("Defendant") and alleges as follows:

**I.   PREFACE**

1. This action is filed to recover damages from Defendant based on Defendant's breach of contract and related causes of action.

**II.   PARTIES**

2. Plaintiff Discover Growth is a U.S. Virgin Islands limited liability company with its principal place of business in St. Thomas, U.S. Virgin Islands.

3. Upon information and belief, Defendant is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

**III.   VENUE AND JURISDICTION**

4. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §1332(a)(2). Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

5. There is complete diversity of citizenship between Plaintiff and Defendant.

6. Plaintiff is a legal entity of the U.S. Virgin Islands. Plaintiff's principal place of business is in St. Thomas, U.S. Virgin Islands.

7. Defendant is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

8. This Court has subject matter jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Plaintiff seeks damages in excess of $75,000, excluding penalties, costs, expenses, pre-judgment interest, and attorney's fees.

**IV.  CONDITIONS PRECEDENT**

9. All conditions precedent to filing this suit have been satisfied.

**V.  BACKGROUND FACTS**

10. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

11. Defendant is a portfolio holding company that owns and operates a data company. Its stock is publicly traded on the OTC Markets under the trading symbol "BYOC."

12. Defendant issued a Senior Secured Redeemable Convertible Debenture with an initial face value of $2,717,391.30 on August 7, 2018 ("Debenture"), which was convertible into shares of Defendant's Common Stock ("Common Stock"), for which Plaintiff paid Defendant an aggregate of Two Million Five Hundred Thousand Dollars ($2,500,000.00) in cash by wire transfer of immediately available funds.

13. Defendant thereafter filed a resale Registration Statement with the U.S. Securities & Exchange Commission for the shares of Common Stock issuable to Plaintiff upon conversion of the Debenture, Registration No. 333-22776, which went effective on February 7, 2019.

14. Plaintiff entered into an Exchange Agreement with Defendant with an effective date of March 19, 2021 ("Exchange Agreement").

15. Pursuant to the Exchange Agreement, the parties exchanged the Debenture, which then had a face value of $1,556,905.00, for 1,556,905 shares of Defendant's Series C Convertible Preferred Stock ("Preferred Stock"), which is also convertible into Common Stock.

16. Plaintiff entered into a Stock Purchase Agreement with Defendant with an effective date of March 31, 2021 ("Stock Purchase Agreement" and collectively with the Exchange Agreement the "Agreements").

17. Pursuant to the Stock Purchase Agreement, for the payment of One Million Dollars ($1,000,000.00), Plaintiff purchased an additional 10,000 shares of Preferred Stock from Defendant.

18. Pursuant to the Agreements, Defendant is required to maintain a reserve of 15.6 billion shares of authorized Common Stock for issuance to Plaintiff upon conversion of the Preferred Stock.

19. Pursuant to the Exchange Agreement and the Stock Purchase Agreement at page 4, Defendant affirmatively represented to Plaintiff as a material term of the Agreements that:

> There is no action, suit, inquiry, notice of violation, proceeding or investigation completed, ongoing, pending, threatened or, to the knowledge of Company, contemplated against or affecting Company, any Subsidiary or any of their respective properties before or by any court, arbitrator, governmental or administrative agency or regulatory authority (federal, state, county, local or foreign) (collectively, an "**Action**"), which would reasonably be expected to adversely affect or challenge the legality, validity or enforceability of any of the Transaction Documents or the sale, issuance, listing, trading or resale of any Shares on the Trading Market.

20. Pursuant to the Exchange Agreement and the Stock Purchase Agreement at page 7, Defendant affirmatively represented to Plaintiff as a material term of the Agreements that: "There is no Action completed, ongoing, pending, threatened or, to the knowledge of Company, contemplated, that would reasonably be expected to result in a Material Adverse Effect."

21. On or about June 9, 2021, Iliad Research and Trading, L.P. filed an action against Defendant in the Third Judicial District Court of Salt Lake County, State of Utah as Case No. 210903038 ("Iliad Civil Action").  See Exhibit 1(without exhibits).

22. The Iliad Civil Action asserts that "[o]n March 4, 2021, Iliad elected a cashless exercise under the Warrant by delivering a Notice of Exercise of Warrant (the '*Exercise*') to Beyond, a copy of which is attached as Exhibit 3." Id. at page 3, paragraph 16.

23. The Iliad Civil Action asserts that "[o]n March 24, 2021, Iliad delivered to Beyond a demand for delivery of the Warrant Shares, a copy of which is attached as Exhibit 4." Id. at page 3, paragraph 19.

24. Prior to March 19, 2021, the effective date of the Exchange Agreement between Plaintiff and Defendant, and March 31, 2021, the effective date of the Stock Purchase Agreement between Plaintiff and Defendant, Defendant reasonably expected a Material Adverse Effect as a result of the facts stated in the Iliad Civil Action.

25. Defendant materially breached the Agreements between Plaintiff and Defendant by failing to disclose the facts stated in the Iliad Civil Action.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

26. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff entered into the Agreements with Defendant.

28. The Agreements are enforceable contracts between Plaintiff and Defendant.

29. Pursuant to the Agreements, Defendant was required to disclose any threatened or contemplated legal action against it.

30. As of the dates of entering into the Agreements, Defendant was aware of the facts giving rise to the Iliad Civil Action.

31. Defendant had a duty to disclose to Plaintiff the facts giving rise to the Iliad Civil Action under the Agreements.

32. Defendant materially breached the Agreements by not disclosing to Plaintiff the facts giving rise to the Iliad Civil Action.

33. As a direct and proximate result of Defendant's breach of the Agreements as alleged herein, Plaintiff has been, and will continue to be, harmed in the manner herein alleged.

34. In addition, as a direct, proximate, and necessary result of Defendant's wrongful conduct, Plaintiff has been forced to incur costs and attorneys' fees which it is entitled to recover

under the terms of the Agreements, and pursuant to statute, decisional law, common law, and this Court's inherent powers

**WHEREFORE**, Plaintiff requests judgment against Defendant, as set forth below.

## SECOND CLAIM FOR RELIEF

### (Negligent and/or Intentional Misrepresentation)

35. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. Defendant made affirmative representations to Plaintiff regarding there being no threatened or contemplated legal action against Defendant at the time of the parties entering into the Agreements.

37. Plaintiff is now informed and believes, and thereon alleges, that those representations were false.

38. The Defendant knew that the affirmative representations were false, in the exercise of reasonable care should have known that they were false, and/or knew or should have known that it lacked a sufficient basis for making said representations.

39. The representations were made with the intention of inducing Plaintiff to contract with Defendant, as set out above, in reliance upon the representations.

40. Plaintiff justifiably relied upon the affirmative representations of Defendant in contracting with Defendant under the Agreements.

41. As a direct and proximate result of Defendant's misrepresentations, Plaintiff has been, and will continue to be, harmed in the manner herein alleged.

42. Plaintiff is further informed and believes, and thereon alleges, that said representations were made by Defendant with the intent to oppress Plaintiff by intentionally inducing Plaintiff to enter into the Agreements on false pretenses. As a result, Plaintiff is entitled to an award of exemplary damages against the Defendant, according to proof at the time of trial.

43. In addition, as a direct, proximate, and necessary result of Defendant's bad faith and wrongful conduct, Plaintiff has been forced to incur costs and attorneys' fees, and thus

1  Plaintiff hereby seeks an award of said costs and attorneys' fees as damages pursuant to statute,
2  decisional law, common law, and this Court's inherent powers.

3        **WHEREFORE**, Plaintiff requests judgment against Defendant, as set forth below.

4  **THIRD CLAIM FOR RELIEF**

5  **(Quasi-Contract/Equitable Contract/Detrimental Reliance)**

6      44.    Plaintiff repeats and re-alleges each and every allegation contained in the
7  foregoing paragraphs as if fully set forth herein.

8      45.    Defendant is contractually obligated to Plaintiff.  The contractual obligations are
9  based upon the underlying Agreements between Defendant and Plaintiff, as well as principles of
10  equity and representations made by Defendant.

11      46.    Plaintiff relied upon the representations of Defendant and trusted Defendant.

12      47.    Due to the devaluation of Plaintiff's investment caused by Defendant's actions,
13  the expenses Plaintiff has had to incur, and the impact on the subject stock purchase by Plaintiff,
14  Plaintiff has suffered damages.

15      48.    Defendant was informed of, and in fact knew of, Plaintiff's reliance upon its
16  representations.

17      49.    Based on these facts, equitable or quasi-contracts existed between Plaintiff and
18  Defendant as described hereinabove.

19      50.    Defendant, however, has failed and refused to perform its obligations.

20      51.    These refusals and failures constitute material breaches of the Agreements.

21      52.    Plaintiff has performed all of its obligations and satisfied all conditions under the
22  contracts, and/or its performance and conditions under the contracts was excused.

23      53.    As a direct and proximate result of Defendant's wrongful conduct as alleged
24  herein, the Plaintiff has been, and will continue to be, harmed in the manner herein alleged.

25      54.    In addition, as a direct, proximate, and necessary result of Defendant's wrongful
26  conduct, Plaintiff has been forced to incur costs and attorneys' fees, and thus Plaintiff hereby
27  seeks an award of said costs and attorneys' fees as damages pursuant to statute, decisional law,
28  common law, and this Court's inherent powers.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

**WHEREFORE**, Plaintiff requests judgment against Defendant, as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

55. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. As alleged herein, Plaintiff entered into the Agreements with Defendant.

57. Under the Agreements, Defendant was required to disclose certain material facts.

58. Defendant failed to disclose material facts at the time of entering into the Stock Purchase Agreement.

59. Every contract in Nevada has implied into it a covenant that the parties thereto will act in the spirit of good faith and fair dealing.

60. Defendant has breached this covenant by intentionally making false and misleading statements to Plaintiff, and for its other wrongful actions as alleged in this Complaint.

61. As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff has been, and will continue to be, harmed in the manner herein alleged.

62. In addition, as a direct, proximate, and necessary result of Defendant's bad faith and wrongful conduct, Plaintiff has been forced to incur costs and attorneys' fees, and thus Plaintiff hereby seeks an award of said costs and attorneys' fees as damages pursuant to statute, decisional law, common law, and this Court's inherent powers.

**WHEREFORE**, Plaintiff requests judgment against Defendant, as set forth below.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

63. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. As alleged hereinabove, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether the Preferred Stock and Common Stock issuable to Plaintiff are duly authorized, validly issued, fully paid and nonassessable.

65. The interests of Plaintiff are completely adverse to Defendant. Namely, whereas Plaintiff believes the Preferred Stock and Common Stock issuable to it are duly authorized, validly issued, fully paid and nonassessable, upon information and belief, Defendant believes the opposite.

66. Plaintiff has a legal interest in this dispute, as Plaintiff provided consideration to enter into the Agreements which provided for the Preferred Stock and Common Stock to be issuable.

67. This controversy is ripe for judicial determination in that Plaintiff has alluded to and raised this issue in this Complaint.

**WHEREFORE**, Plaintiff requests judgement as set forth below.

## SIXTH CAUSE OF ACTION

### (Injunctive Relief)

68. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

69. As detailed extensively above, Defendant's actions have interfered with Plaintiff's ownership of the Preferred Stock and Common Stock.

70. Unless and until enjoined and restrained by order of this Court, Defendant will continue to object to and otherwise infringe upon Plaintiff's ownership of the Preferred Stock and Common Stock.

71. Such conduct has already caused, and will continue to cause, great and irreparable harm to Plaintiff as described herein. Plaintiff has no adequate remedy at law for the injuries being suffered as a result of Defendant's conduct in that pecuniary compensation would not afford adequate relief.

72. As a direct and proximate result of Defendants' statements and actions, Plaintiff has been unable to fully own and benefit from its ownership of the Preferred Stock and Common Stock, thereby causing Plaintiff harm in an amount far exceeding this Court's jurisdictional threshold.

73. Plaintiff will be further harmed, damaged, and injured as long as Defendant's conduct is allowed to continue.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

1. For compensatory damages according to proof, in excess of $75,000.00;
2. For punitive damages according to proof;
3. For a declaratory judgment that the Preferred Stock and Common Stock issuable to Plaintiff are duly authorized, validly issued, fully paid and nonassessable.
4. For preliminary and permanent injunctive relief, requiring Defendant to maintain a reserve of Common Stock for issuance to Plaintiff;
5. For attorneys' fees and costs according to proof; and
6. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 29th day of July, 2021.

        ROBERTSON, JOHNSON,
        MILLER & WILLIAMSON
        50 West Liberty Street, Suite 600
        Reno, Nevada 89501

By: */s/ Jarrad C. Miller*
        Jarrad C. Miller, Esq.
        Jonathan J. Tew, Esq.
        Attorneys for Plaintiffs

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 9

**Index of Exhibits**

| Exhibit | Description | Pages |
|---------|-------------|-------|
| 1 | Complaint in Case No. 210903038 | 7 |

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

COMPLAINT
PAGE 10